BERGER MONTAGUE PC
Michael Dell'Angelo
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net

*Attorneys for Movants Mariam Silverman,*
*Trustee for the Mariam Silverman Trust*
*UA Mar. 15, 1969, and Michael Lucas*
*and Proposed Lead Counsel*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMZI ALSAIDI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OUTLOOK THERAPEUTICS, INC., C. RUSSELL TRENARY III, and LAWRENCE A. KENYON, <br><br> Defendants. | Case No. 2:23-cv-21862-MCA-CLW <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARIAM SILVERMAN, TRUSTEE FOR THE MARIAM SILVERMAN TRUST UA MAR. 15, 1969, AND MICHAEL LUCAS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> Motion Date:  February 5, 2024 |

[Caption continues on following page]

1

PHILIP MANIATTY, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

  v.

OUTLOOK THERAPEUTICS, INC., C. RUSSELL TRENARY III, LAWRENCE A. KENYON, and TERRY DAGNON,

      Defendants.

Case No. 2:23-cv-23313-MCA-CLW

CLASS ACTION

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................2

FACTUAL BACKGROUND.................................................................................4

ARGUMENT ........................................................................................................6

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED....................6

II.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF .....................8

    A.    The PSLRA Standard for Appointing Lead Plaintiff ...........................8

    B.    Movants are the "Most Adequate Plaintiff"........................................10

        1.    Movants' Motion Is Timely ......................................................10

        2.    Movants Have a Substantial Financial Interest.........................10

        3.    Movants Satisfy Rule 23's Typicality and Adequacy Requirements .............................................................................11

        4.    Movants' Claims Are Typical of Those of the Class................11

        5.    Movants Satisfy the Adequacy Requirement ...........................12

III.  MOVANTS' SELECTION OF LEAD COUNSEL MERITS APPROVAL 15

CONCLUSION....................................................................................................16

# TABLE OF AUTHORITIES

Cases                                                                                                                          Page(s)

*Bucks Cnty. Emps. Ret. Fund v. Newell Brands, Inc., et al.*,
   No. 18-cv-10878 (JMV)(JBC), 2018 WL 4629571 (D.N.J. Sept. 27, 2018) ........6

*Aguilar v. Vitamin Shoppe, Inc.*,
   No. 17-CV-6454 (KM) (MAH), 2018 WL 1960444 (D.N.J. Apr. 25, 2018)......10

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005).........................................................................7

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008)........................................................................6

*California Pub. Employees' Ret. Sys. v. Chubb Corp.*,
   127 F. Supp. 2d 572 (D.N.J. 2001).................................................................11

*Chao Sun v. Han*,
   No. 15-CV-703, 2015 WL 2364937 (D.N.J. May 14, 2015) ..............................13

*Ferrari v. Impath, Inc.*,
   2004 WL 1637053 (S.D.N.Y. July 20, 2004).......................................................7

*In re Able Lab'ys Sec. Litig.*,
   425 F. Supp. 2d 562 (D.N.J. 2006)..................................................................11

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...................................................................... 12, 15

*In re Merck & Co., Inc. Sec.*, No. 05-CV-1151 (SRC),
   2013 WL 396117 (D.N.J. Jan. 30, 2013) .................................................... 11, 12

*In re Nice Sys. Sec. Litig.*,
   188 F.R.D. 206 (D.N.J. 1999) ..................................................................... 12, 13

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009).........................................................................7

*Lewis v. Lipocine Inc., et al.*,
   No. 16-4009-BRM-LHG, 2016 WL 7042075 (D.N.J. Dec. 2, 2016)...................7

*Martingano v. Am. Int'l Grp., Inc.*,
   No. 06CV1625(JG)(JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006)............9

*Micholle v. Ophthotech Corp.*,
   No. 17-CV- 210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)...............9

*Phetteplace v. Cancer Genetics, Inc.*,
   No. 2:18-cv-05612-ES-SCM, 2018 WL 11233227 (D.N.J. Aug. 7, 2018) ...........6

*Roby v. Ocean Power Techs., Inc.*,
   No. 14-CV-3799 (FLW)(LHG), 2015 WL 1334320 (D.N.J. Mar. 17, 2015)......10

*Sinai Roth v. Knight Trading Group*,
   228 F. Supp. 2d 524 (D.N.J. 2002)........................................................................11

*Sklar v. Amarin Corp. PLC*,
   No. 13-CV-06663 (FLW)(TJB),
   2014 WL 3748248 (D.N.J. July 29, 2014) .................................................. 11, 12

Statutes

15 U.S.C. § 78u-4(a)(3)(A)(i) ......................................................................9, 10
15 U.S.C. § 78u-4(a)(3)(B) ....................................................................... 1, 8, 13
15 U.S.C. § 78u-4(a)(3)(B)(i) .........................................................................2, 9
15 U.S.C. § 78u-4(a)(3)(B)(ii) ...........................................................................6
15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................... 10, 11
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................3, 9
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...................................................................9, 14
15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................3, 15
15 U.S.C. § 78u-4(a)(l) .....................................................................................8
15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v) .......................................................14

Rules

Fed. R. Civ. P. 42 (a)..........................................................................................6

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 .....15

Lead Plaintiff movants Mariam Silverman, Trustee for the Mariam Silverman Trust UA Mar. 15, 1969, and Michael Lucas ("Movants") respectfully submit this Memorandum of Law pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of their Motion for the entry of an Order: (i) consolidating the above-captioned actions (the "Related Actions"); (ii) appointing Movants as Lead Plaintiff on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Outlook Therapeutics, Inc. ("Outlook" or the "Company") securities between August 3, 2021 and August 29, 2023, both dates inclusive (the "Class Period")[1]; (iii) approving Movants' selection of Berger Montague PC as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.[2]

---

[1] Related Action *Alsaidi v. Outlook Therapeutics, Inc.*, 2:23-cv-21862-MCA-CLW ("*Alsaidi*"), alleges a class period of December 29, 2022 through August 29, 2023, while Related Action *Maniatty v. Outlook Therapeutics, Inc.*, 2:23-cv-23313-MCA-CLW ("*Maniatty*"), alleges a class period of August 3, 2021 through August 29, 2023. Movants here seek to represent the broadest class of investors alleged in the two complaints, that being the Class Period alleged in *Maniatty*.

[2] True and correct copy of Movants' Certifications pursuant to the PSLRA are attached as Ex. A to the Declaration of Michael Dell'Angelo, Esq. ("Dell'Angelo Decl."), furnished herewith.

1

## PRELIMINARY STATEMENT

Movants respectfully submit that they should be appointed Lead Plaintiff on behalf of all investors who acquired Outlook securities during the Class Period (the "Class") and who were damaged as a result of Defendants' alleged fraud. The Related Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act against the Company and members of senior management during the Class Period, including C. Russell Trenary III, Lawrence A. Kenyon, and Terry Dagnon (collectively, the "Defendants").[3]

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the federal securities laws by substantially the same group of defendants arising from the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law and fact, and consolidation is plainly warranted.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant or movants have the "largest financial interest" in the relief sought by the Class, and also whether such movant or movants have made a *prima*

---

[3] Terry Dagnon is named as a defendant in the *Maniatty* action only. He is not named as a defendant in the *Alsaidi* action.

*facie* showing that they are typical and adequate Class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movants respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. In their Class Period transactions in Outlook securities, Movants have incurred a combined loss of $344,905.21 on a last-in-first-out ("LIFO") basis. Movants have the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' alleged violations of federal securities laws.

Further, Movants satisfy the typicality and adequacy requirements of Rule 23 in that: (i) their claims arise from the same course of events as those of the other Class members; (ii) they rely on similar legal theories to prove Defendants' liability; and (iii) they have retained experienced counsel and are committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movants respectfully request that the Court approve their selection of Berger Montague PC as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). For decades, Berger Montague has been a nationally recognized leader in the representation of

investors in shareholder litigation and securities class actions, and it has the expertise and resources necessary to handle this complex litigation.

Accordingly, Movants respectfully request that the Court appoint them as Lead Plaintiff for the Class, consolidate all pending and subsequent actions asserting violations of the federal securities laws arising from the same alleged misconduct, and approve their selection of Lead Counsel.

## **FACTUAL BACKGROUND**

Outlook is a late clinical-stage biopharmaceutical company that focuses on developing and commercializing monoclonal antibodies for various ophthalmic indications. The Company's lead product candidate is ONS-5010, an ophthalmic formulation of the antibody bevacizumab for the treatment of wet age-related macular degeneration ("wet AMD") and other retina diseases.

On August 3, 2021, Outlook announced the topline readout of data from its pivotal Phase 3 NORSE TWO trial of ONS-5010 for the treatment of wet AMD, which, according to the Company, "demonstrated clinically relevant and highly statistically significant results" that supported the submission of a biologics license application ("BLA") to the U.S. Food and Drug Administration ("FDA").

On March 31, 2022 Outlook announced that it had submitted the ONS-5010 BLA to the FDA. However, investors began to the learn the truth about the Company and its testing of ONS-5010 when, on May 31, 2022, the Company voluntarily

4

withdrew the BLA in order to address deficiencies identified by the FDA and to provide additional information that the FDA requested. The Company subsequently announced that it had "confirmed the additional information necessary to re-submit the BLA for ONS-5010," and on August 30, 2022, Outlook announced that it had resubmitted the BLA.

More than a year later, on August 30, 2023, Outlook shocked investors when it issued a press release announcing that the FDA had issued a complete response letter ("CRL") to its BLA for ONS-5010. The Company advised that, "[w]hile the FDA acknowledged the NORSE TWO pivotal trial met its safety and efficacy endpoints, the Agency concluded it could not approve the BLA during this review cycle due to several CMC issues, open observations from pre-approval manufacturing inspections, and a lack of substantial evidence." On this news, Outlook's stock price fell $1.141 per share, or 80.92%, from a closing price of $1.41 per share on August 29, 2023, to close at $0.269 per share on August 30, 2023.

According to the Related Actions, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) there was a lack of substantial evidence supporting ONS-5010 as a treatment for wet AMD; (ii) Outlook and/or its manufacturing partners had deficient chemistry, manufacturing and controls ("CMC"), as well as other manufacturing concerns, for ONS-5010, which remained unresolved at the time the BLA for ONS-5010 was

submitted and then resubmitted to the FDA; (iii) as a result of all the foregoing, the FDA was unlikely to approve the ONS-5010 BLA in its present form; (iv) accordingly, ONS-5010's regulatory and commercial prospects were overstated; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks omitted).

Consolidation is appropriate under Rule 42(a) where the actions involve "common questions of law or fact." Fed. R. Civ. P. 42 (a); *see Bucks Cnty. Emps. Ret. Fund v. Newell Brands, Inc., et al.*, Civil Action No. 18-cv-10878 (JMV)(JBC), 2018 WL 4629571, at *1 (D.N.J. Sept. 27, 2018*); Phetteplace v. Cancer Genetics, Inc.*, Civil Action No. 2:18-cv-05612-ES-SCM, 2018 WL 11233227, at *3 (D.N.J. Aug. 7, 2018).

6

In securities class action cases, such as the Related Actions here, courts have deemed consolidation particularly appropriate where the actions "are based on the same public statements and reports" if there are "common questions of law and fact and [if] the defendant will not be prejudiced." *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004).

Here, each of the Related Actions alleges a substantially similar fraudulent scheme relating to similar parties, transactions, and events. Each action asserts that Defendants made materially false and misleading statements and omissions concerning the clinical trials of Outlook's drug ONS-5010, which was undergoing testing for the treatment of wet AMD.  As the Related Actions allege violations of the federal securities laws by substantially the same defendants based on substantially the same wrongdoing, the Related Actions are well-suited to consolidation. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced). Moreover, consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties.  *See Lewis v. Lipocine Inc.*, Nos. 16-4009-BRM-LHG, et al., 2016 WL 7042075, at *2 (D.N.J. Dec. 2, 2016) (consolidating securities class actions); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (same).

Accordingly, Movants respectfully request that the Court consolidate the Related Actions, as well as any subsequently filed actions.

## II.  **MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF**

Movants respectfully submit that they should be appointed Lead Plaintiff because, as discussed herein, they filed the instant Motion in a timely manner, they have a substantial, if not the largest, financial interest in this litigation, and they satisfy the typicality and adequacy requirements of Rule 23.

### A.    **The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).

First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class

8

> may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Martingano v. Am. Int'l Grp., Inc.*, No. 06CV1625(JG)(JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006); *Micholle v. Ophthotech Corp.*, No. 17-CV- 210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018).

Under these PSLRA-prescribed criteria, Movants are the "most adequate plaintiff" and should be appointed Lead Plaintiff.

### B.    Movants are the "Most Adequate Plaintiff"

#### 1.    Movants' Motion Is Timely

Movants have timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *PR Newswire*, a widely-circulated, business-oriented news wire service, on November 3, 2023. *See* Dell'Angelo Decl., Ex. B. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before January 2, 2024.

Movants have filed this Motion seeking appointment as Lead Plaintiff within this deadline and have thus satisfied the procedural requirements of the PSLRA.

#### 2.    Movants Have a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Aguilar v. Vitamin Shoppe, Inc.*, No. 17-CV-6454 (KM) (MAH), 2018 WL 1960444, at *5 (D.N.J. Apr. 25, 2018).

Movants have incurred a substantial loss of $344,905.21 on a LIFO basis on their Class Period transactions in Outlook securities. *See* Dell'Angelo Decl., Ex. C (Loss Analyses for Movants). *See Roby v. Ocean Power Techs., Inc.*, No. 14-CV-3799 (FLW) (LHG), 2015 WL 1334320, at *14 (D.N.J. Mar. 17, 2015) (finding the

10

movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movants have a substantial financial interest as a qualified movant seeking Lead Plaintiff status and are presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Sinai Roth v. Knight Trading Group*, 228 F. Supp. 2d 524 (D.N.J. 2002).

### 3.    Movants Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See In re Able Lab'ys Sec. Litig.*, 425 F. Supp. 2d 562, 566–67 (D.N.J. 2006); *see also California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 579 (D.N.J. 2001). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Sklar v. Amarin Corp. PLC*, No. 13-CV-06663 (FLW) (TJB), 2014 WL 3748248, at *6 (D.N.J. July 29, 2014). Here, Movants satisfy both requirements.

### 4.    Movants' Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-CV-1151 (SRC), 2013 WL 396117, at *5 (D.N.J.

11

Jan. 30, 2013). A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 218 (D.N.J. 1999); *see also Sklar v. Amarin Corp. PLC*, 2014 WL 3748248, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See In re Merck & Co., Inc. Sec.*, 2013 WL 396117, at *7.

Movants' claims here are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants made material misstatements and omissions in violation of the federal securities laws. Like all the members of the Class, Movants purchased Outlook securities in reliance on Defendants' public statements, including their alleged misrepresentations and omissions, and were damaged thereby.

Because Movants' claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

### 5.  Movants Satisfy the Adequacy Requirement

In addition, Movants satisfy the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a

representative party establishes that it "will fairly and adequately protect the interests of the class."

Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." Adequate representation will be found if the representative has: (a) retained able and experienced counsel; and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Nice*, 188 F.R.D. at 219; *see also Chao Sun v. Han*, No. 15-CV-703, 2015 WL 2364937, at *3 (D.N.J. May 14, 2015) (adequacy satisfied where the movant retains "counsel with the resources, experience and expertise to efficiently and effectively prosecute this action, and [where] significant financial losses demonstrate that [movant] has sufficient incentive to ensure vigorous advocacy"). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class.  15 U.S.C. § 78u-4(a)(3)(B).

Movants will fairly and adequately represent the interests of the proposed Class. They have the resources and motivation sufficient to pursue the claims asserted in the Related Actions to a successful conclusion.  They are sophisticated, experienced investors who are committed to overseeing and directing their counsel, Berger Montague, in this litigation.  Ex. D. at ¶ 6. Movant Mariam Silverman,

13

Trustee for the Trust, has been investing in the stock market for approximately 10 years. Ex D. at ¶ 3. Likewise, Movant Michael Lucas, a manager of rental properties, has been investing in for approximately 4 years. Ex. D. at ¶ 4. Movants are committed to maximizing the recovery for the Class of investors they represent. Ex. D. at ¶¶ 6-8.

Moreover, Movants have retained experienced counsel with an enduring and extensive record of prosecuting securities class actions vigorously and efficiently, *see infra,* Section III, and timely submitted their choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movants' interests and those of the absent Class members; rather, they are entirely aligned. Like all other Class members, Movants suffered substantial losses due to Defendants' alleged misconduct and therefore have a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movants are "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movants satisfy the adequacy requirement.

14

### III.  MOVANTS' SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movants have selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities*

15

*Litigation* (N.D. Cal.) (settlement of $65 million); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million). *See* Dell'Angelo Decl., Ex. E (Berger Montague PC Firm Resume).

Considering the foregoing, by approving Movants' selection of Berger Montague as Lead Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (i) consolidating the above-captioned Related Actions; (ii) appointing Movants Mariam Silverman, Trustee for the Mariam Silverman Trust UA Mar. 15, 1969, and Michael Lucas as Lead Plaintiff; (iii) approving Movants' selection of Berger Montague PC as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: January 2, 2024                    Respectfully submitted,

                                           */s/ Michael Dell'Angelo*
                                          Michael Dell'Angelo
                                          Andrew Abramowitz
                                          James Maro
                                          BERGER MONTAGUE PC

16

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
       aabramowitz@bm.net
       jmaro@bm.net

*Attorneys for Lead Plaintiff Movants*
*Mariam Silverman, Trustee for the Mariam*
*Silverman Trust UA Mar. 15, 1969, and*
*Michael Lucas and Proposed*
*Lead Counsel for the Class*

SCHALL LAW FIRM
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 301-3335
brian@schallfirm.com

*Additional Counsel*

17

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                                        /s/ Michael Dell'Angelo
                                        Michael Dell'Angelo