**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAMZI ALSAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>OUTLOOK THERAPEUTICS, INC., C. RUSSELL TRENARY III, and LAWRENCE A. KENYON,<br><br>                    Defendants. | Case No. 2:23-cv-21862-MCA-CLW<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF COUNSEL** |

[Caption continues on following page]

PHILIP MANIATTY, Individually and on Behalf of All Others Similarly Situated,

               Plaintiff,

     v.

OUTLOOK THERAPEUTICS, INC., C. RUSSELL TRENARY III, LAWRENCE A. KENYON, and TERRY DAGNON,

               Defendants.

Case No. 2:23-cv-23313-MCA-CLW

CLASS ACTION

Having considered the motion of Movants Mariam Silverman, Trustee for the Mariam Silverman Trust UA Mar. 15, 1969, and Michael Lucas ("Movants") for consolidation of related actions, appointment as Lead Plaintiff, and approval of selection of Berger Montague PC as Lead Counsel, IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     This Order (the "Order") shall apply to the above-captioned Actions and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Action.

## CONSOLIDATION OF ACTIONS

3.     Pursuant to Rule 42(a), the above-captioned actions, as well as any other related class action hereafter filed in or transferred to this Court, are and shall

2

be consolidated.

4.      The consolidated actions shall be referred to collectively as *In re Outlook Therapeutics, Inc. Securities Litigation*, No. 2:23-cv-21862. The Clerk of Court shall file a copy of this Order in the separate file for each of the above-captioned class action cases.

5.      Each new case that arises out of the subject matter of this Action and is filed in this Court or transferred to this Court shall be consolidated with this Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

6.      Unless otherwise ordered by this Court, future filings in any related class action case herein consolidated shall be filed and docketed only under docket number 2:23-cv-21862.

7.      This consolidation order does not make any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

8.    Movants Mariam Silverman, Trustee for the Mariam Silverman Trust UA Mar. 15, 1969, and Michael Lucas are appointed to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

9.    Movant's selection of Berger Montague as Lead Counsel for the Class is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

A.    to brief and argue motions;

B.    to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

C.    to direct and coordinate the examination of witnesses in depositions;

D.    to act as spokesperson at pretrial conferences;

E.    to consult with and employ experts;

F.    to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent

appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees;

G.  to initiate and conduct any settlement negotiations with Defendants' counsel; and

H.  to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS SO ORDERED.**


DATE: _____        _____
                                        UNITED STATES DISTRICT JUDGE
                                        DISTRICT OF NEW JERSEY

5