POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Jason Solomon
and Proposed Lead Counsel for the
Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMZY ALSAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>       v.<br><br>OUTLOOK THERAPEUTICS, INC., C. RUSSELL TRENARY III, and LAWRENCE A. KENYON,<br><br>              Defendants. | Case No. 2:23-cv-21862-MCA-CLW<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JASON SOLOMON FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Motion Date: February 5, 2024 |

PHILIP MANIATTY, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

OUTLOOK THERAPEUTICS, INC., C. RUSSELL TRENARY III, LAWRENCE A. KENYON, and TERRY DAGNON,

        Defendants.

Case No. 2:23-cv-23313-JKS-MAH

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................2

STATEMENT OF FACTS .......................................................................................3

ARGUMENT ..........................................................................................................6

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED
          FOR ALL PURPOSES................................................................................6

    B.    SOLOMON SHOULD BE APPOINTED LEAD PLAINTIFF............8

          1.    Solomon Is Willing to Serve as Class Representative................9

          2.    Solomon Has the "Largest Financial Interest" .........................10

          3.    Solomon Otherwise Satisfies the Requirements of Rule
              23......................................................................................................11

          4.    Solomon Will Fairly and Adequately Represent the
              Interests of the Class and Is Not Subject to Unique
              Defenses ..........................................................................................14

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
          BE APPROVED.......................................................................................15

CONCLUSION .....................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591, 625 (1997)..................................................................................13

*Baby Neal v. Casey*,
  43 F.3d 48, 55 (3d Cir. 1994) ...........................................................................12

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) .........................................................................7

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) .........................................................................12, 13

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ..........................................................................6

*Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A,
  1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997)....................................12

*In re Cendant Corp. Litig.*,
  264 F.3d 201, 262 (3d Cir. 2001) .................................................................10, 13

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
  2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)....................................7

*In re Lucent Techs. Sec. Litig.*,
  194 F.R.D. 137 (D.N.J. 2000)............................................................................12

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ..........................................................................15

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ..........................................................................6

*In re Vonage Initial Pub. Offering Secs. Litig.*, o. 07-177 (FLW),
  2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 6, 2007) .......................................13

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .....................................10

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) .................................................................................6

*Patel v. Zoompass Holdings, Inc.*, No. 17-3831 (JLL),
  2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept. 20, 2017) ...................................10

*Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH),
  2019 U.S. Dist. LEXIS 23309 (D.N.J. Feb. 13, 2019) ......................................10

*Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW) (TJB) *et al.*,
  2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014) .....................................12

*Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS) (DEA),
  2018 U.S. Dist. LEXIS 126964 (D.N.J. July 27, 2018) .....................................10

## Statutes

15 U.S.C. § 78u-4.....................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ............................................*passim*

Securities Exchange Act of 1934 ....................................................................*passim*

## Rules

Fed. R. Civ. P. 23....................................................................................*passim*

Fed. R. Civ. P. 42...............................................................................................1, 2, 6

Movant Jason Solomon ("Solomon") respectfully submits this Memorandum of Law in support of his motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Solomon as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Outlook Therapeutics, Inc. ("Outlook" or the "Company") securities between August 3, 2021 and August 29, 2023, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

---

[1] On November 3, 2023, the first-filed of the Related Actions was filed in this Court, styled *Alsaidi v. Outlook Therapeutics, Inc. et al.*, No. 2:23-cv-21862 (D.N.J.) ("*Alsaidi*"), alleging a class period including all persons and entities other than Defendants that purchased or otherwise acquired Outlook securities between December 29, 2022 and August 29, 2023, both dates inclusive. *See* Dkt. No. 1 ¶ 1. On December 22, 2023, a second action alleging substantially the same wrongdoing as *Alsaidi* against overlapping defendants was filed in this Court, styled *Maniatty v. Outlook Therapeutics, Inc. et al.*, No. 2:23-cv-23313 (D.N.J.) ("*Maniatty*"), alleging a larger class period including all persons and entities other than Defendants that purchased or otherwise acquired Outlook securities between August 3, 2021 and August 29, 2023, both dates inclusive. *See Maniatty*, Dkt. No. 3 ¶ 1. Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the largest class period alleged in *Maniatty*.

1

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act.  Outlook investors, including Solomon, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Outlook securities to fall sharply, damaging Solomon and other Outlook investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the Exchange Act by an overlapping group of defendants arising from substantially the same alleged fraud.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Solomon purchased 873,108 Outlook shares, expended $1,226,908 on these transactions in Outlook securities, retained 498,845 of his Outlook shares, and, as a result of the disclosures of the fraud, incurred losses of approximately $569,996 in connection with his Class Period transactions in Outlook securities.  *See* Declaration of Thomas H. Przybylowski in Support of Motion ("Przybylowski Decl."), Exhibit ("Ex.") A.

2

Accordingly, Solomon believes that he has the largest financial interest in the relief sought in the Related Actions. Beyond his considerable financial interest, Solomon also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Solomon has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in these Related Actions.

Accordingly, Solomon respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Solomon as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, Outlook is a late clinical-stage biopharmaceutical company that focuses on developing and commercializing monoclonal antibodies for various ophthalmic indications. The Company's lead product candidate is ONS-5010, an ophthalmic formulation of the

3

antibody bevacizumab for the treatment of wet age-related macular degeneration ("wet AMD") and other retina diseases.

In August 2021, Outlook announced the topline readout of data from its pivotal Phase 3 NORSE TWO trial of ONS-5010 for the treatment of wet AMD. According to the Company, this data, among other things, "demonstrated clinically relevant and highly statistically significant results" that supported the submission of a biologics license application ("BLA") to the U.S. Food and Drug Administration ("FDA") for ONS-5010 for the treatment of wet AMD (the "ONS-5010 BLA"), which the Company planned to submit to the FDA in the first quarter of 2022.

In March 2022, Outlook announced that it had submitted the ONS-5010 BLA to the FDA.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) there was a lack of substantial evidence supporting ONS-5010 as a treatment for wet AMD; (ii) Outlook and/or its manufacturing partner had deficient chemistry manufacturing and controls ("CMC") and other manufacturing issues for ONS-5010, which remained unresolved at the time the ONS-5010 BLA was submitted and then resubmitted to the FDA; (iii) as a result

4

of all the foregoing, the FDA was unlikely to approve the ONS-5010 BLA in its present form; (iv) accordingly, ONS-5010's regulatory and commercial prospects were overstated; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On May 31, 2022, Outlook announced that it had voluntarily withdrawn the ONS-5010 BLA in order to provide additional information requested by the FDA. Outlook acknowledged that it was "actively working to respond to the FDA's request" and that it planned to resubmit a "revised BLA" later in the year.

In response to this news, Outlook shares fell nearly 32%, or $0.54 per share, from a closing price of $1.69 per share on May 27, 2022 to a closing price of $1.15 on May 31, 2022, the next trading day.

Following receipt of further correspondence from the FDA, the Company purportedly "confirmed the additional information necessary to re-submit the BLA for ONS5010" and resubmitted the BLA in August 2022.

On August 30, 2023, Outlook issued a press release announcing that the FDA had issued a complete response letter to the ONS-5010 BLA. The Company advised that, "[w]hile the FDA acknowledged the NORSE TWO pivotal trial met its safety and efficacy endpoints, the Agency concluded it could not approve the BLA during this review cycle due to several CMC issues, open observations from pre-approval manufacturing inspections, and a lack of substantial evidence."

5

On this news, Outlook's stock price fell $1.141 per share, or 80.92%, to close at $0.269 per share on August 30, 2023.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Solomon and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v.*

6

*ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against overlapping defendants in connection with violations of the Exchange Act arising from substantially the same alleged fraud. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Outlook's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

7

### B.    SOLOMON SHOULD BE APPOINTED LEAD PLAINTIFF

Solomon should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of (1) the pendency of the action, and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate.  *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Solomon satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**1.    Solomon Is Willing to Serve as Class Representative**

On November 3, 2023, counsel for plaintiff in *Alsaidi*, the first-filed of the Related Actions, caused the statutorily required Notice of that action to be published via *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Outlook and other defendants, and which advised investors in Outlook securities that they had until January 2, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Przybylowski Decl., Ex. B.

Solomon has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C. Accordingly, Solomon satisfies the first requirement to serve as Lead Plaintiff of the Class.

## 2.    Solomon Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Solomon has the largest financial interest of any Outlook investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997). These *Lax* factors have been adopted by courts nationwide, including in this District. *See, e.g.*, *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309, at *5 (D.N.J. Feb. 13, 2019) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *4-5 (D.N.J. July 27, 2018); *Patel v. Zoompass Holdings, Inc.*, No. 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765, at *2-3 (D.N.J. Sept. 20, 2017).

10

During the Class Period, Solomon: (1) purchased 873,108 shares of Outlook common stock; (2) expended $1,226,908 on his transactions in Outlook securities; (iii) retained 498,845 of his shares of Outlook common stock; and (iv) as a result of the disclosures of the fraud, incurred losses of approximately $569,996 in connection with his Class Period transactions in Outlook securities. *See* Przybylowski Decl., Ex. A. To the extent that Solomon possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Solomon Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies the requirements of Rule 23, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this stage of

11

the litigation] and should be left for consideration of a motion for class certification." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 149 (D.N.J. 2000) (quoting *Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997)); *see also Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW) (TJB) *et al.*, 2014 U.S. Dist. LEXIS 103051, at *20 (D.N.J. July 29, 2014) (finding "only a preliminary showing of both typicality and adequacy is necessary"). Moreover, "[t]he Rule 23 inquiry focuses [only] on the 'typicality' and 'adequacy' requirements at this stage of the litigation." *Amarin*, 2014 U.S. Dist. LEXIS 103051, at *20.

The typicality requirement of Rule 23(a)(3) is satisfied where "the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

Solomon's claims are typical of those of the Class.  Solomon alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material

12

facts concerning Outlook, or by omitting to state material facts necessary to make the statements they did make not misleading. Solomon, like other Class members, purchased Outlook securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Outlook's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"In making the *prima facie* determination of adequacy, a court should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258, at *19 (D.N.J. Sept. 6, 2007) (quoting *Cendant*, 264 F.3d at 265); *see also Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Solomon is an adequate representative for the Class. Here, Solomon has submitted a signed Certification declaring his commitment to protect the interests of

13

the Class. *See* Przybylowski Decl., Ex. C. There is no evidence of antagonism or conflict between Solomon's interests and those of the Class, and Solomon's significant financial interest in these Related Actions demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, as set forth in greater detail below, Solomon has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Solomon is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further demonstrating his adequacy, Solomon has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Przybylowski Decl., Ex. D.

### 4. Solomon Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Solomon as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

14

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Solomon's ability and desire to fairly and adequately represent the Class has been discussed above.  Solomon is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Solomon should be appointed Lead Plaintiff for the Class.

## C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Solomon has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Przybylowski Decl., Ex. E.  In overview, Pomerantz is a premier firm

in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Solomon's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Solomon's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Solomon respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Solomon as Lead Plaintiff for the Class; and (3) approving Solomon's selection of Pomerantz as Lead Counsel for the Class.

Dated:  January 2, 2024                    Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Jason Solomon and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

17

*Additional Counsel for Movant Jason Solomon*

18