Joshua B. Silverman (*pro hac vice*)
Brian P. O'Connell (*pro hac vice*)
Genc Arifi (*pro hac vice*)
POMERANTZ LLP
10 S La Salle Street, Suite 3505
Chicago, IL 60603-1049
Tel: (312)-881-4859
Fax: (312)-377-1184
Email: jbsilverman@pomlaw.com
       boconnell@pomlaw.com
       garifi@pomlaw.com


*Lead Counsel for the Lead Plaintiff,
Additional Plaintiffs, and the Proposed Class*

- additional counsel on signature page -

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE OUTLOOK THERAPEUTICS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:23-cv-21862-MCA-CLW<br><br>**CLASS ACTION**<br><br>Hon. Madeline Cox Arleo<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Lead Plaintiff Jason Solomon and additional plaintiffs Ramzy Alsaidi, Michael Lucas, and Mariam Silverman, Trustee for the Mariam Silverman Trust UA Mar. 15, 1969 (collectively with Lead Plaintiff, "Plaintiffs"), respectfully submit the recent decision in *Levon v. CorMedix Inc. et. al*., No. 21-cv-14020 (JXN) (CLW)

1

(D.N.J. June 30, 2025) ("*CorMedix*"), as supplemental authority in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss the Consolidated Second Amended Class Action Complaint (ECF No. 71, "Opposition").

*CorMedix* denied a motion to dismiss a securities class action complaint involving misrepresentations and omissions about a drug company's third-party contract manufacturing facility in full, holding that statements and omissions concerning deficiencies at that facility were actionable where they were contradicted by internal documents and adverse regulatory feedback. *CorMedix* at 18. The court held that risk warnings about contract manufacturing "put into play" related risks and that "[b]y making such a statement, Defendants had a duty to disclose any material information relating to that material subject." *CorMedix* at 9; *see* Opposition at 11-15 (statements about Defendants' third-party facilities). Nor were cautionary statements "truly cautionary when the defendant knows that an identified risk has or will occur." *CorMedix* at 13; Opposition at 16. Notably, the court in *CorMedix* held that defendants were obligated to disclose manufacturing problems at the same contract facility used to manufacture their drug, even where the problems involved a different product. *Compare CorMedix* at 11 *with* Opposition at 14.

*CorMedix* is another case that supports the actionability of misrepresentations about FDA communications. Opposition at 17-18; *CorMedix* at 10 ("Defendants had a duty to disclose the FDA's concerns stemming from its review of records

submitted with the NDA when Defendants stated that additional records were requested by the FDA.")

In *CorMedix*, the court also held that plaintiffs raised a strong inference of scienter by defendants' touting their own regulatory expertise, their manufacturing experience, and their oversight of the regulatory process with the FDA. *Compare CorMedix* at 15 *with* Opposition at 24-25. Defendants who "held themselves out as experts in FDA compliance—are presumed to have known about the company's regulatory and manufacturing failures." *CorMedix* at 17-18.

The court in *CorMedix* also held that the defendants' access to information contradicting their public statements that manufacturing issues had been resolved supported an inference of scienter. *Compare CorMedix* at 15-16 *with* Opposition at 21-22. *CorMedix* also found that the core operations theory supported an inference of scienter, where, as in Outlook, the misrepresentations concerned the company's only clinical drug candidate, and its approval was critical to the company's viability. *CorMedix* at 22-23; Opposition at 26-27.

A copy of the decision is attached hereto as Exhibit 1.

Dated: July 7, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*

Joshua B. Silverman (*pro hac vice*)
Genc Arifi (*pro hac vice*)
Brian P. O'Connell (*pro hac vice*)
**POMERANTZ LLP**
10 S La Salle Street, Suite 3505
Chicago, IL 60603-1049
Tel: (312)-881-4859
Fax: (312)-377-1184
Email: jbsilverman@pomlaw.com
           garifi@pomlaw.com

and

Jeremy A. Lieberman (*pro hac vice*)
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Fax: (917) 463-1044
Email: jalieberman@pomlaw.com
           tprzybylowski@pomlaw.com

*Lead Counsel for the Lead Plaintiff, Additional Plaintiffs, and the Proposed Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Tel: (212) 697-6484
Fax: (212) 697-7296

4

Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiff, Additional Plaintiffs, and the Proposed Class*

**BERGER MONTAGUE PC**
Michael Dell'Angelo
James A. Maro
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
       jmaro@bm.net

*Additional Counsel for Lead Plaintiff, Additional Plaintiffs, and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Thomas H. Przybylowski, hereby certify that on July 7, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

By: /s/ *Thomas H. Przybylowski*
      Thomas H. Przybylowski